NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3619
_____

In re: FENDI BROOKS,
Petitioner
_____

On Petition for Writ of Mandamus to the District Court
of the Virgin Islands
(Related to D.C. No. 3-18-cr-00042-002)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 12, 2019

Before: CHAGARES, HARDIMAN, and RESTREPO, *Circuit Judges*.

(Filed: January 27, 2020)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

Fendi Brooks petitioned this Court for a supervisory writ of mandamus. She claims the District Court of the Virgin Islands has unconstitutionally delegated to the United States Marshal's Service the power to determine whether pretrial detainees are shackled in court.

At the time she filed her petition, Brooks was a pretrial detainee. But she has since pleaded guilty and was sentenced on October 31, 2019. This change in status renders her case moot under the Supreme Court's decision in *United States v. Sanchez-Gomez*, 138 S. Ct. 1532 (2018). In that case, four pretrial detainees challenged the constitutionality of a blanket policy of using full restraints during pretrial proceedings. *Id*. at 1536. The Supreme Court held their case moot following their guilty pleas. *See id*. at 1540–42.

Brooks's petition is, as her counsel rightly acknowledged, likewise moot. Petitioner's Letter Br. at 1-2 (Jan. 13, 2020) (quoting *Sanchez-Gomez*, 138 S.Ct. at 1540)). While Brooks could theoretically violate the law and appear in court again, we "assume that [litigants] will conduct their activities within the law and so avoid prosecution and conviction." *O'Shea v. Littleton*, 414 U.S. 488, 497 (1974). So we will dismiss the petition for mandamus.